858

(July 2, 1964)

◼ In the Matter of Bertram A. Powers, as President of New York Typographical Union No. 6, Respondent, v. W. J. Poch, as Treasurer of the Publishers Association of New York City, Appellant.— Order and judgment entered March 19, 1964 granting petitioner's petition and staying arbitration between the parties, and denying respondent's cross petition to compel arbitration, unanimously reversed on the law, the facts and in the exercise of discretion, with costs to respondent-appellant. The petition of petitioner-respondent is denied and the cross petition of respondent-appellant is granted, with $10 costs. Respondent, an unincorporated association, acts as agent for its newspaper members in the negotiation and administration of collective bargaining agreements with the union, representing employees of the member newspapers. Petitioner is the bargaining representative of the employees working in the composing rooms of the newspapers. Petitioner and respondent entered into a collective bargaining agreement which provided for wages and terms and conditions of employment, including a program for training teletypesetter operators in the composing rooms. On July 29, 1963, the composing room foreman of the *New York Times*, a signatory to the agreement, by written notice ordered petitioner's shop steward " to supply three qualified teletypesetter operators irrespective of priority." The steward refused to comply with the order and respondent filed a grievance pursuant to the grievance procedure set forth in the contract. On December 20, 1963 after negotiations under the grievance procedure broke down, respondent informed petitioner that respondent would seek arbitration. On January 3, 1964, petitioner wrote the American Arbitration Association and informed them that they would not arbitrate since " there is no arbitrable controversy between the parties." The contract involved herein contained a broad arbitration clause which mandates that any controversy arising thereunder be arbitrated. *The dispute here pertains to a matter covered by the contract and an arbitrable controversy does exist between the parties* (*Matter of Potoker* [*Brooklyn Eagle*], 286 App. Div. 733, affd. 2 N Y 2d 553). Concur — Botein, P. J., McNally, Eager, Steuer and Staley, JJ.